```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
------------------------------------------------------------X DATE FILED: 2/23/2021
BOARD OF MANAGER OF THE 243 WEST 98        :
CONDOMINIUM,                               :
                                           :
                              Plaintiff,   :    21-CV-518 (VEC)
                                           :
              -against-                    :    ORDER
                                           :
JULIE ANN GOLDBERG, JOHN DOE #1 TO         :
JOHN DOE #20                               :
                                           :
                              Defendants.  :
------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on July 31, 2020, Plaintiff initiated this case by filing a complaint in New York State Supreme Court (Dkt. 3-1);

WHEREAS on January 22, 2021, Defendant filed a notice of removal, dated January 21, 2021 (Dkt. 3);

WHEREAS a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1);

WHEREAS more than 30 days passed since Defendant received a copy of the initial pleading in this case;

WHEREAS on January 22, 2021, the Court ordered Defendant to show cause why this case should not be remanded to New York State Supreme Court (Dkt. 4);

WHEREAS on February 5, 2021, Defendant filed a letter arguing that her removal was timely because (i) Plaintiff stipulated to extend Defendant's time to remove the case by agreeing

to extend her time to answer the complaint and (ii) Defendant's time to remove was stayed until New York State Supreme Court exercised personal jurisdiction over Defendant (Dkt. 8);

WHEREAS on February 12, 2021, Plaintiff opposed Defendant's arguments as both factually inaccurate and legally incorrect and moved for attorney's fees incurred in connection with the removal. totaling $7,600.00 (Dkt. 9);

WHEREAS on February 15, 2021, the Court ordered Defendant to respond to Plaintiff's request for attorneys' fees and the amount of attorneys' fees requested (Dkt. 10);

WHEREAS on February 22, 2021, Defendant filed a letter conceding that removal was untimely but opposing Plaintiff's request for attorneys' fees as unwarranted and excessive (Dkt. 11);

IT IS HEREBY ORDERED THAT:

1. Defendant's removal was untimely.  Pursuant to 28 U.S.C. § 1446(b)(1), this case is REMANDED to New York State Supreme Court.

2. Plaintiff's request for attorneys' fees is GRANTED in part.  Defendant's arguments were frivolous and legally unsupported.  The Court rejects Defendant's explanation that it would have withdrawn its removal petition had Plaintiff identified pertinent case law in its initial letter.  Dkt. 11 at 1.  Defendant is responsible for failing to research controlling case law before filing a notice of removal.  Nevertheless, the Court agrees that Plaintiff's request for $7,600.00 in attorneys' fees is excessive.  The Court awards Plaintiff $2,500.00 in attorneys' fees, to be paid no later than **March 31, 2021**.

**SO ORDERED.**

Date:  February 23, 2021
       New York, New York

_____
      **VALERIE CAPRONI**
     **United States District Judge**